RECEIVED IN
COURT OF CRIMINAL APPEALS

April 1, 2015

ABEL ACOSTA, CLERK

NO._____

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

RHONALD MARTINEZ
Petitioner

v.

THE STATE OF TEXAS
Respondent

---

Petition is in Cause No. 1253416D from the
297th Criminal District Court of Tarrant County, Texas,
and Cause No. 02-13-00610-CR in the
Court of Appeals for the Second District of Texas

---

PETITION FOR DISCRETIONARY REVIEW

---

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Rhonald Martinez

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Court Judge: | Hon. Everett Young |
| Petitioner: | Rhonald Martinez |
| Petitioner's Trial Counsel: | Hon. Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Petitioner's Counsel<br>on Appeal: | Hon. Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117<br>Phone: (817) 222-3333 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Hon. Lisa Callahan<br>TBN: 01160700<br>District Attorney's Office<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel<br>on Appeal: | Hon. Charles Mallin<br>TBN: 12867400<br>Hon. Andy Porter<br>TBN: 24007857<br>District Attorney's Office<br>401 W. Belknap Street<br>Fort Worth, Texas  76196 |

# TABLE OF CONTENTS

page

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

STATEMENT OF PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

GROUNDS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

REASONS FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      The Court of Appeals erred when it affirmed the trial court's
        denial of Mr. Martinez' motion to suppress. . . . . . . . . . . . . . . . . . . . . . . . .2

        A.      Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      Opinion Below. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        C.      Standard  of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

        D.      Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

# INDEX OF AUTHORITIES

Cases          page

Martinez v. State,
02-13-00610-CR, 2015 WL 392729 (Tex. App.–
Fort Worth, January 29, 2015, no. pet. h.)
(mem. op., not designated for publication). . . . . . . . . . . . . .1-2, 4

Guzman v. State,
955 S.W.2d 85 (Tex. Crim. App. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Alberty v. United States,
162 U.S. 499 (1896). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Brother v. State,
85 S.W.3d 377 (Tex. App.—Fort Worth 2002,
affirmed, 166 S.W.3d 255 (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . 4-5

Carmouche v. State,
10 S.W.3d 323 (Tex. Crim. App. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Crain v. State,
315 S.W.3d 43 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Derichsweiler v. State,
348 S.W.3d 906 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Dortch,
199 F.3d 193 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hamal v. State,
390 S.W.3d 302 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

United States v. Himmelwright,
551 F.2d 991 (5th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

United States v. Jones,
234 F.3d 234 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

United States v. Mallides,
     473 F.2d 859 (9th Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McQuarters v. State,
     58 S.W.3d 250 (Tex. App.—Fort Worth 2001, pet. ref'd). . . . . . . . . . . . . . . . .7

United States v. Portillo- Aguirre,
     311 F.3d 647 (5th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Scott v. State,
     549 S.W.2d 170 (Tex. Crim. App. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Sokolow,
     490 U.S. 1 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Terry v. Ohio,
     392 U.S. 1 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

United States v. Valdez,
     267 F.3d 395 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wade v. State,
     422 S.W.3d 661 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Wolf v. State,
     137 S.W.3d 797 (Tex. App.—Waco 2004, no pet.). . . . . . . . . . . . . . . . . . . . 5-6

## STATEMENT REGARDING ORAL ARGUMENT

Because Petitioner does not believe that oral argument will materially assist the Court in its evaluation of matters raised by this pleading, Petitioner respectfully waives oral argument.

## STATEMENT OF THE CASE

On October 5, 2011, Appellant Rhonald Martinez ("Mr. Martinez" or "Petitioner") was indicted for possession of a controlled substance more than four grams but less than two hundred grams with intent to deliver. (C.R. 6). On August 1, 2013, a trial on the merits was had before the court in the 297th Judicial District of Tarrant County, Texas. (R.R. III: passim, C.R. 127). Appellant filed a Motion to Suppress and was denied by the court. (C.R. 45, 49). At the conclusion of testimony, the court found the Appellant guilty as charged in the indictment. (R.R. III 191). The court ordered a presentence report be prepared and on December 20, 2013 the Appellant was sentenced to 40 years confinement in the Texas Department of Criminal Justice. (C.R. 156). Appellant filed a timely notice of appeal on December 20, 2013. (C.R. 162). The court certified Appellant's right to appeal. (C.R. 161).

## STATEMENT OF PROCEDURAL HISTORY

The opinion by the Second Court of Appeals affirming Mr. Martinez' conviction was handed down on January 29, 2015. See Martinez v. State, 02-13-00610-CR, 2015 WL 392729 (Tex. App.–Fort Worth, January 29, 2015, no. pet. h.) (mem. op.,

1

not designated for publication). This timely Petition for Discretionary review ensued.

## GROUNDS FOR REVIEW

### GROUND FOR REVIEW ONE

I.    The Court of Appeals erred when it affirmed the trial court's denial of Mr. Martinez' motion to suppress.

### REASONS FOR REVIEW

1.    The decision by the Second Court of Appeals has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals.

2.    The Second Court of Appeals has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

### GROUND FOR REVIEW ONE (Restated)

I.    The Court of Appeals erred when it affirmed the trial court's denial of Mr. Martinez' motion to suppress.

Because this petition is predicated upon error by the Second Court of Appeals in its review of Mr. Martinez' complaint on appeal, a review of the evidence presented and events which transpired below is in order.

2

A.    Facts

On September 1, 2011, Rhonald Martinez was stopped by Officer Cade with the Fort Worth Police Department for an expired registration and defective license plate light. (R.R. III 8). Officer Cade approached the vehicle and he testified that Mr. Martinez was acting strange and looked nervous. (R.R. III 13). When asked to exit the vehicle, Mr. Martinez left the vehicle running and locked the door. (R.R. III 16). Officer Cade asked if he could search the vehicle and he testified that Mr. Martinez consented. (R.R. III 15). Officer Cade then placed Mr. Martinez in the back of the patrol car. (R.R. III 17) Mr. Martinez then withdrew his consent prior to the search. (RR III 15).

After taking Mr. Martinez into custody and subsequent to his withdrawal of consent, a canine unit arrived and did a sweep around the vehicle and the dog alerted on the vehicle. (R.R. III 19). Corporal Fineman arrived on scene and got the locked car door open and found a clear plastic baggie which contained what appeared to be methamphetamine under the driver's seat. (R.R. III 19). Officer Cade then found additional bags in the glove box. (R.R. III 20).

On cross examination, Officer Cade conceded that after initially approaching the vehicle and asking for identification, there was no more conversation about the expired registration or the license plate light. (R.R. III 40). After a pat down search,

3

Officer Cade found no weapons. (R.R. III 42). After a visual inspection, Officer Cade found no weapons or anything threatening. (R.R. III 45). Officer Cade detained Mr. Martinez prior to the search and had no further communication. (R.R. III 61).

After hearing testimony and arguments of counsel, the court denied the Motion to Suppress. (R.R. III 125). The court also found Mr. Martinez guilty as charged in the indictment. (R.R. III 191). After a presentence report was prepared and admitted, the court sentenced Mr. Martinez to 40 years confinement. (R.R. IV 12, C.R. 156).

B.     Opinion Below

In its Opinion, the Second Court of Appeals correctly identified the standard of review to be used when analyzing a challenge to the trial court's denial of a motion to suppress, see Martinez, 02-13-00610-CR, 2015 WL 392729 at *1-*2, yet incorrectly held that the trial court did not abuse its discretion in denying Martinez' request. See id. at *3.

C.     Standard of Review

When reviewing a trial court's decision to deny a motion to suppress, an appellate court should afford almost total deference to the trial court's ruling of the historical facts that are supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the material facts are not in dispute, an appellate court should review matters of law de novo. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.

4

Crim. App. 2000); Brother v. State, 85 S.W.3d 377, 380-81 (Tex. App.—Fort Worth 2002, affirmed, 166 S.W.3d 255 (Tex. Crim. App. 2005)).

D.    Discussion

Once the purpose of a lawful detention has terminated, extending the detention is a violation of the Fourth Amendment unless the detaining officer has additional reasonable suspicion of criminal wrongdoing. United States v. Portillo-Aguirre, 311 F.3d 647, 655 (5th Cir. 2002). Reasonable suspicion must be based on articulable facts that are indicative of criminal activity. Terry v. Ohio, 392 U.S. 1, 21-22 (1968); Derichsweiler v. State, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). Actions that are as indicative of non-criminal activity as criminal activity cannot be the basis of reasonable suspicion when view under the totality of the circumstances. United States v. Sokolow, 490 U.S. 1 (1989); Wade v. State, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013). The test as to whether or not an extended detention violates the Fourth Amendment is 1) whether or not the detention was justified from its inception and 2) whether or not the scope of the detention was related to the circumstances that justified the initial detention. Terry, 392 U.S. at 19-20; United States v. Valdez, 267 F.3d 395, 398 (5th Cir. 2001). To go further, the officer must develop additional reasonable suspicion to justify extending the detention.

Granted Mr. Martinez was not detained very long, but the amount of time a

5

person is detained after the purpose for the detention is effectuated is irrelevant. Portillo-Aguirre, 311 F.3d at 647, Wolf v. State, 137 S.W.3d 797, 800 (Tex. App.—Waco 2004, no pet.); United States v. Jones, 234 F.3d 234, 241 (5th Cir. 2000); United States v. Dortch, 199 F.3d 193, 199-200 (5th Cir. 1999). As soon as the investigation into Mr. Martinez's registration and license plate lamp ended, the purpose was effectuated.

Here, the actions of Mr. Martinez did not justify an extension of the detention. After the first few questions that the officer asked Mr. Martinez, the investigation into the reason for the detention ended. (R.R. III 40). It was at that point Officer Cade decided to call the canine unit. (R.R. III 17). Officer Cade at this point did not have reasonable suspicion to continue the detention because he testified to no articulable facts that were indicative of criminal activity. The facts testified to by Officer Cade that he believed gave him reasonable suspicion were: 1) at the initiation of the traffic stop, Mr. Martinez rolled down his window and rolled it back up, 2) he was nervous, 3) he stepped out of the vehicle and shut the door while locking it, and 4) he was in a "high crime" neighborhood. (R.R. III 13, R.R. III 14).

Articulable Facts – The Window

Officer Cade testified that Mr. Martinez rolled down his window, rolled it back up and told him that the window was broken and opted to open the door. (R.R.

6

III 10). This was somehow suspicious to Officer Cade. (R.R. III 11). This is in no way indicative of criminal activity. Rolling down the window and rolling it back up does not mean it is not broken. It could have been off the tracks or the mechanism may be less than functional. It is in no way even untruthful to roll a window down and back up and think that is broken. It is a common experience to roll down a car window and think that it is somehow malfunctioning and so the window is rolled up to prevent further damage. The proposition that rolling the window back up is an attempt to hide something does not hold water when Mr. Martinez opted to open the door completely. (R.R. III 10). This action is completely innocent and should not have been alarming to any reasonable person. And it is certainly not indicative of criminal activity.

Articulable Facts – Nervous Demeanor

Nervousness during a police encounter is not suspicious or indicative of criminal activity. Although it can be used a factor to determine reasonable suspicion, it is a weak factor in determining whether or not there are hidden narcotics. Hamal v. State, 390 S.W.3d 302, 308 (Tex. Crim. App. 2012); McQuarters v. State, 58 S.W.3d 250, 257 (Tex. App.—Fort Worth 2001, pet. ref'd). It is also a common experience to exhibit nervousness when pulled over by the police, even if the only crime committed was a traffic violation. Justice Brown put it very

eloquently in 1896 when discussing the view of actions certain people make when faced with law enforcement:

> "…it is not universally true that a man, who is conscious that he has done a wrong, "will pursue a certain course not in harmony with the conduct of a man   who is conscious of having done an act which is innocent, right and proper;" since it is a matter of common knowledge that men who are entirely innocent do sometimes fly from the scene of a crime through fear of being apprehended as the guilty parties, or from an unwillingness to appear as witnesses. Nor is it true as an accepted axiom of criminal law that "the wicked flee when no man pursueth, but the righteous are as bold as a lion."

Alberty v. United States, 162 U.S. 499, 511 (1896). Also either act of nervousness or calm have been construed as suspicious. United States v. Himmelwright, 551 F.2d 991,992 n.2 (5th Cir. 1977), United States v. Mallides, 473 F.2d 859, 861 (9th Cir. 1973)(officer testified that the defendant's calm demeanor was suspicious).

When it comes to general physical states such as nervousness or calmness, the interpretation is not based upon objective standards but as perceived through the eyes of the observer. As a hammer, everything appears to be a nail because a hammer's only job is to hit nails. When consulting a surgeon, the surgeon's likely treatment will be surgery because that is the subjective view of a surgeon. The same goes for law enforcement. Law enforcement's job is to enforce the laws and control crime. An officer is going to view either nervousness or calmness as indicative of criminal activity based upon that officer's predisposed desire to preform effectively and stop crime. That is why a suspect's demeanor is not

8

helpful in developing reasonable suspicion because it is not an objective articulable fact indicative of criminal activity.

Articulable Facts – The Door

Stepping out of the vehicle and locking the door is also not indicative of criminal activity. The State argued at trial that this was an indication that Mr. Martinez was hiding something illegal. The State was simply making jumps in logic. Even though there was some debate as to whether or not locking the door was intentional since Corporal Fineman opened it easily, locking and shutting the door is an attempt to keep the police from entering the vehicle. (R.R. III 19). That was an absolute Constitutional right that Mr. Martinez had. And if he did lock it intentionally, he was well within his right to do so. So the State was essentially arguing that his assertion of his rights was indicative of criminal activity. That is in the same vein as "if he refused to speak with the police, he must have something to hide." Arguing that one's exercise of rights is a basis for criminal activity has long been frowned upon. Exercise of rights cannot be used as a tipping point to give an officer reasonable suspicion. Wade, 422 S.W.3d at 669.

Articulable Facts – High Crime Area

The level of criminal activity in the area is not in and of itself indicative of criminal activity. Scott v. State, 549 S.W.2d 170, 172–73 (Tex. Crim. App. 1976); Crain v. State, 315 S.W.3d 43, 53 (Tex. Crim. App. 2010). It merely poses as a backdrop and

using it as a strong factor would devalue the rights of those that live in a high crime neighborhood.

Totality of the Circumstances

When viewing these factors under the totality of the circumstances, Officer Cade did not have reasonable suspicion to extend the detention. Mr. Martinez was nervous and exercised his rights in a high crime neighborhood. There is nothing at all suspicious about that. It is not surprising that those in a high crime neighborhood have multiple encounters with police that are not always justified or appropriate. Given the circumstances of where he was, he had every right to be nervous and keep the police from entering his vehicle. The record is void of any evidence that Mr. Martinez was rude or posed a threat or did anything untoward. He was simply nervous and did not want the police to search his vehicle. But that was somehow odd to Officer Cade, and even if it was odd it was not indicative of criminal activity. The very heart of the Fourth Amendment is the right to keep the government from detaining a person or riffling through one's possessions without justification.

The actions taken by Mr. Martinez and perceived by Officer Cade did not rise to the level of reasonable suspicion. They only provided the officer with a mere hunch. Therefore the trial court erred in finding that there was reasonable suspicion and denied Mr. Martinez' motion to suppress. Further, the Second Court

10

of Appeals erred when it affirmed the trial court's denial.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that this Court grant discretionary review and allow each party to fully brief and argue the issues before the Court of Criminal Appeals, and that upon reviewing the judgment entered below, that this Court reverse the opinion of the Second Court of Appeals.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax: (817) 222-3330
Email: lawfactor@yahoo.com
Attorneys for Petitioner
Rhonald Martinez

CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 3,172.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State's Prosecuting Attorney and the Tarrant County District Attorney by a manner compliant with the Texas Rules of Appellate Procedure, on this  1st day of April , 2015.

/s/ Abe Factor
Abe Factor

12

<u>APPENDIX</u>

1.  Opinion of the Second Court of Appeals